UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-100-CHB-EBA

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                          **PLEA AGREEMENT**

BRANDON LEE GRAVES                                               DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), Possession with intent to Distribute 40 grams or more of fentanyl, a Schedule II controlled substance, and Count 2 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), Possession with intent to Distribute 28 grams or more of cocaine base, (crack cocaine), a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 3.

2. The essential elements of Counts 1 and 2 are:

   A. (i) The Defendant knowingly and intentionally possessed a controlled substance, namely fentanyl;

   (ii) The Defendant intended to distribute the controlled substance to another person; and

   (iii) The amount was 40 grams or more.

   B. (i) The Defendant knowingly and intentionally possessed a controlled substance, namely cocaine base, (crack cocaine);

    (ii) The Defendant intended to distribute the controlled substance to another person; and

    (iii) The amount was 28 grams or more.

3. As to Counts 1 and 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

  (a) On May 14, 2025, in Jessamine County, in the Eastern District of Kentucky, officers with the Nicholasville Police executed a search warrant on the Defendant's residence on Leann Lane. During the search, officers recovered various controlled substances in plastic bags, including 81.563 grams of fentanyl, 287.98 grams of cocaine, 40.872 grams of cocaine base (crack cocaine), 1.819 grams of methamphetamine, and 17.588 grams of psilocybin and $18,833 in U.S. currency. The drug amounts are consistent with drug trafficking as opposed to mere personal use.

  (b) Also recovered from the residence were assorted drug paraphernalia: a vacuum sealer, plastic bags containing suspected marijuana, an extended pistol magazine and a 9mm pistol magazine, rounds of ammunition, and digital scales.

  (c) The controlled substances were submitted to the KSP Lab for testing and were positive for fentanyl, cocaine HCl, cocaine base, methamphetamine and psilocybin.

4. The statutory punishment for Counts 1 and 2 is imprisonment for not less than 10 years and not more than Life, a fine of not more than $8,000,000, and a term of supervised release of not more than 8 years. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. The Defendant has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C.§ 851, and therefore the Defendant is subject to the above enhanced statutory punishment.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations not agreed to below. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts as set forth in Paragraph 3 and the discovery materials provided to the Defendant.

    (c) Pursuant to U.S.S.G. § 2D1.1(7), the base offense level is 26 based on a converted drug amount of more than 400KG but less than 700KG.

    (d) Pursuant to U.S.S.G. § 2D1.1(b)(12), increase the offense level by 2 levels for maintaining a premises for distributing a controlled substance.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant retains his right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant also consents to the administrative forfeiture of all ammunition seized from his residence on or about May 14, 2025, and $50,000 in U.S. currency seized from the Jessamine County Court Clerk on or about November 7, 2025, and previously posted as bond for the Defendant. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and drug-trafficking and firearms violations. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the

conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies,

property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 11/14/25      By: _____
                        Ronald L. Walker Jr.
                        Assistant United States Attorney

Date: 01-22-26          _____
                        Brandon Lee Graves
                        Defendant

Date: 1-22-26           _____
                        Daniel Whitley
                        Attorney for Defendant